UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW D. PERKINS, | Civil Action No. 18-12414 (JMV) |
| Plaintiff, | |
| v. | OPINION |
| BERGEN COUNTY JAIL, et al., | |
| Defendants. | |

**VAZQUEZ, District Judge**:

Currently before the Court is the complaint (ECF No. 1) of Plaintiff Matthew D. Perkins.[1] Because Plaintiff has previously been granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint without prejudice.

## I. BACKGROUND

Plaintiff alleges that due to some unknown issue, the Bergen County Jail forced Plaintiff and thirty other inmates to spend a portion of a single day – April 12th, 2018, from 9:00 a.m. to 11:05 p.m. – in the jail's gym. (ECF No. 1 at 3). According to Plaintiff, this occurred while the external temperature was approximately "50 degrees." (*Id.*). Plaintiff further alleges that he was provided with "no blankets, coats, [and] no toilet paper," and was forced to use a dirty, soiled toilet

---

[1] On October 12, 2018, this Court administratively terminated this matter as Plaintiff failed to update the Court as to his proper address. (ECF No. 5). As Plaintiff has now updated the Court as to his address, (*see* ECF No. 7), this Court shall order that this matter be re-opened so that Plaintiff's complaint may be screened.

during this time. Plaintiff states that the gym's roof "would drop" dust upon his food, which he was also forced to eat in the gym, and that this dust may have contained "dirt and mold." (*Id.*). There were also apparently paint fumes present in the gym. (*Id.*). It is not clear whether the painting of other sections of the jail was responsible for Plaintiff's temporary placement in the gym. Plaintiff contends that this one day spent in the gym left him feeling sick and caused him lasting back and hip pain. (*Id.*). Plaintiff apparently told a Jane Doe staff member of this pain, but was told he'd have to wait and see what happens before receiving treatment. (*Id.* at 4).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v.*

2

factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

Plaintiff seeks to bring a claims against the Bergen County Jail and several employees of the jail based on alleged violations of his constitutional rights, which are raised pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Here Plaintiff raises two claims – that the conditions of his

---

*Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

confinement on April 12, 2018, amounted to cruel and unusual punishment in violation of his Eighth Amendment right to be free of cruel and unusual punishment, and that one Jane Doe Defendant denied him medical treatment in violation of the Eighth Amendment.

Turning first to Plaintiff's medical claim, Plaintiff alleges that he was denied medical care in violation of the Eighth Amendment when he was told that he would have to wait and see what happens in relation to his claims of back pain and a headache. In order to state a claim for relief as to a denial of medical care under the Eighth Amendment, a plaintiff must plead facts sufficient to show that jail officials acted with "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also King v. Cnty. of Gloucester*, 302 F. App'x 92, 97 (3d Cir. 2008). There are two components to such a claim – that the plaintiff suffered from a sufficiently serious medical need, and that the Defendant acted with deliberate indifference in regard to that need. *King*, 302 F. App'x at 97. Deliberate indifference requires more than merely inadequate medical treatment or negligence – instead it requires that the defendant "knew of a substantial risk of serious harm – which may be inferred if the risk was obvious – and failed to act despite that knowledge." *Id.*; *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). In his complaint, Plaintiff presents very little information as to his medical claim – he states only that he had back pain and a headache, that he told an unspecified Jane Doe Defendant of his pain, and was told he'd have to "wait and see what happens" as the jail could not do anything regarding his complaints. Even if this Court were to assume that his vague allegations of ongoing back and hip pain present a sufficiently serious medical need, Plaintiff has failed to allege facts indicative of a deliberate indifference on the part of the Jane Doe Defendant. Nothing Plaintiff alleges indicates an obvious injury or that the Jane Doe knew of, or could be inferred to have been aware of, any serious risk of harm to Plaintiff. Plaintiff has thus not pled fact sufficient to allow an inference of

deliberate indifference on the part of the only Defendant named in regard to his medical claim – the Jane Doe Defendant – and his deliberate indifference claim is therefore dismissed without prejudice for failure to state a claim for which relief may be granted.

In his final claim, Plaintiff alleges Defendants placed him in conditions of confinement which amounted to cruel and unusual punishment when he was forced to spend the better part of a single day in the jail's gym with thirty other inmates without blankets or warm clothing. The Constitution does not mandate that convicted inmates must be housed in comfortable prisons, and thus "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted, quoting *Rhodes v. Chapman*, 452 U.S 337 (1981)); *see also Watson v. Secretary Penn. Dep't of Corr.*, 567 F. App'x 75, 79 (3d Cir. 2014). To plead a viable Eighth Amendment conditions of confinement claim, a plaintiff must plead both an objective element, that the conditions under which he was housed denied him these minimal measures of life's necessities, and a subjective component, that the defendants acted with a deliberate indifference to those conditions by acting with a reckless disregard of a known risk of harm. *Wilson*, 501 U.S. at 298-303; *Farmer*, 511 U.S. at 835; *Watson*, 567 F. App'x at 79; *Stokes v. Lanigan*, No. 12-1478, 2012 WL 4662487, at *3 (D.N.J. Oct. 2, 2012).

In his complaint, Plaintiff alleges that he was forced to spend less than a single day in the gym of the Bergen County Jail with thirty other inmates rather than in his cell. Plaintiff alleges that this occurred between nine o'clock in the morning until just after eleven o'clock at night – a period of fourteen hours. During this time, Plaintiff was given several meals and had access to a bathroom albeit an allegedly dirty one. Given the brief nature of this event, this Plaintiff has not alleged that the conditions in the gym were so severe that they denied him the minimal civilized

5

measure of life's necessities under these circumstances, and Plaintiff's claim is therefore insufficient to support an Eighth Amendment conditions of confinement claim. Plaintiff's claim is therefore dismissed without prejudice for failure to state a claim for which relief may be granted. Because both of Plaintiff's claims are to be dismissed, Plaintiff's complaint shall be dismissed without prejudice in its entirety.

Given the nature of Plaintiff's allegations, the Court is concerned that any attempted amendment would be futile. However, as Plaintiff has not had an opportunity to address the deficiencies noted above, the Court will provide Plaintiff with an opportunity to file an amended complaint.

### III. CONCLUSION

For the reasons stated above, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE in its entirety for failure to state a claim for which relief may be granted. Plaintiff is granted leave to file an amended complaint addressing the deficiencies noted above. If Plaintiff fails to file and amended complaint within forty-five (45) days, then this matter will be dismissed with prejudice. An appropriate Order follows.

s/ John Michael Vazquez
Hon. John Michael Vazquez,
United States District Judge

Date: 5/15/19